IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| SAMUEL MONTGOMERY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 12-2976-JDT/tmp |
| | ) | |
| MEMPHIS POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

REPORT AND RECOMMENDATION
_____

On November 9, 2012, plaintiff Samuel Montgomery, Jr., a resident of Osceola, Arkansas, filed this *pro se* complaint against the Memphis Police Department and Officers "J. Clapp," "A. Harper," "J. Dennison," "C. Leatherwood," and John Does, in their official and individual capacities, for wrongful arrest and malicious prosecution. Plaintiff claims that on November 10, 2011, he was arrested by defendants for the sale of drugs and was held in jail from November 11, 2011, to March 8, 2012. He further claims that defendants presented false information to the grand jury and that the police officers "lied because the person selling drugs did look like [Plaintiff]." He seeks compensation for loss of employment, loss wages, and legal fees, as well as punitive damages for wrongful arrest and malicious prosecution. On November 9, 2012, plaintiff filed an application to proceed *in forma pauperis*. On that same day, the court denied plaintiff's IFP application. On

November 30, 2012, plaintiff paid the civil filing fee. On or about January 2, 2013, the Clerk's Office mailed blank summonses to the plaintiff, and instructed plaintiff to complete the summonses so that the Clerk could issue the summonses and return them to the plaintiff for him to effect service.

On April 12, 2013, the Clerk's Office issued a summons, which was filled out by plaintiff for "Agents of the Organized Crime Unit" and was addressed to the Memphis Police Department, located at 201 Poplar Avenue in Memphis, Tennessee. The summons was returned on June 11, 2013. According to the Domestic Return Receipt, the summons was mailed to the Memphis Police Department, Organized Crime Unit, at its office at 201 Poplar Avenue. On May 29, 2013, the court entered an order to show cause. In that order, the court observed that pursuant to Fed. R. Civ. P. 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The May 29 order directed the plaintiff to serve the defendants within thirty (30) days, and warned that failure to comply with the order would result in a recommendation to the District Judge that the case be dismissed pursuant to Rule 4(m). (ECF No. 9.)

On October 1, 2013, the court again extended the time for plaintiff to serve the defendants, by issuing an order directing

plaintiff to serve each of the defendants within sixty (60) days. (ECF No. 11.) Plaintiff was ordered to present the Clerk's Office with properly completed summonses so that the Clerk could issue the summonses to Plaintiff for service. Plaintiff was again warned that failure to effect service "shall result in a recommendation to the District Judge that it dismiss any defendants who are not timely served as required by this order." (Id. at 3.) The court instructed plaintiff that pursuant to Federal Rule of Civil Procedure 4(j)(2) and Tennessee Rule of Civil Procedure 4.04(8), he would have to serve the Memphis Police Department by serving the City of Memphis by delivering a copy of the summons and complaint to the City's chief executive officer (i.e., the Mayor) or to the City Attorney. Plaintiff was also instructed that he could effect service by mail as permitted under Tennessee Rule of Civil Procedure 4.40(10). As for service upon the officers in their individual capacity, the court noted that Federal Rule of Civil Procedure 4(e) allows service of an individual either by following state law for service of an individual in a court of general jurisdiction, or by delivery to the individual defendants personally, by leaving a copy of the summons and complaint at each officer's dwelling with someone of suitable age, or by delivering a copy of the summons and complaint to an agent authorized by such officer to receive service of process. Plaintiff was advised that individual officers may be served by mail pursuant to Tennessee Rule of Civil Procedure 4.04(10).

To date, there is no indication on the docket that plaintiff

has presented the Clerk with properly completed summonses, nor any indication that plaintiff has timely served any of the defendants as required by the October 1 order. Based on plaintiff's failure to timely serve the defendants, it is recommended that this case be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 5, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**