IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SAMUEL MONTGOMERY, JR., )<br>)<br>Plaintiff, )<br>)<br>)<br>VS. )<br>)<br>)<br>MEMPHIS POLICE DEPARTMENT, )<br>ET AL., )<br>)<br>Defendants. ) | No. 12-2976-JDT-tmp |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL WITHOUT PREJUDICE
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 9, 2012, Plaintiff Samuel Montgomery, Jr., a resident of Osceola, Arkansas, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (Docket Entries 1 & 2.) Named as Defendants were the Memphis Police Department, J. Clapp, A. Harper, J. Dennison, and C. Leatherwood.[1] (D.E. 1 at 1.) The Court denied leave to proceed *in forma pauperis* and directed Plaintiff to pay the filing fee, which he did on November 30, 2012. (D.E. 3 & 4.) On January 2, 2013, Plaintiff was provided with a notice advising that service of process is governed by Federal

---

[1] Plaintiff also included two unidentified "John Doe" defendants.

Rule of Civil Procedure 4 and that the appropriate forms may be found on the Court's website or obtained at the Clerk's Offices in either Memphis or Jackson. The notice further advised that if summonses were properly completed and presented to the Clerk, they would be issued and returned to Plaintiff for service; a sample summons was provided.

On April 4, 2013, U.S. Magistrate Judge Tu M. Pham[2] issued an order noting that the Defendants had not been served with process and that the 120-day time limit for service set forth in Fed. R. Civ. P. 4(m) had expired. Plaintiff was directed to show cause, within twenty days, why the case should not be dismissed. (D.E. 7.) Plaintiff did not respond directly to the show cause order. However, on April 12, 2013, Plaintiff submitted to the Clerk only one summons for issuance, directed not to any named Defendant, but to the "Agents of the Organized Crime Unit." (D.E. 8.) No proof of service on the Defendants was filed; therefore, on May 29, 2013, Magistrate Judge Pham issued an order directing Plaintiff to properly serve the Defendants and file proof of service within thirty days. (D.E. 9.)

On June 11, 2013, Plaintiff filed what apparently was intended to be a return on the single summons originally issued on April 12, 2013, showing that he mailed the process by certified mail to the Memphis Police Department, Organized Crime Unit, at 201 Poplar Avenue, where it was received on April 15, 2013. (D.E. 10.) No further activity occurred in the case until Magistrate Judge Pham issued another order on October 1, 2013, noting that the process was insufficient and directing Plaintiff to properly serve each Defendant within

---

[2] On March 27, 2013, the case was referred to the assigned U.S. Magistrate Judge for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (D.E. 6.)

sixty days.  (D.E. 11.)  Plaintiff was warned that failure to comply would result in a recommendation of dismissal with regard to all unserved Defendants.  (Id. at 3.)

Plaintiff filed no proof of service and took no further action.  Therefore, on December 5, 2013, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended the case be dismissed.  (D.E. 12.)  Objections to the R&R were due on or before December 23, 2013.  *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  However, Plaintiff has filed no objections.

The Court agrees with the Magistrate Judge's recommendation and ADOPTS the R&R.  This case is hereby DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b) for failure to serve process and failure to prosecute.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss this case failure to serve process and failure to prosecute also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.